587 A.2d 1278

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. DAVID W. COLVIN, DEFENDANT–RESPONDENT.

Argued January 15, 1991—Decided April 8, 1991.

*Steven J. Kaflowitz,* Assistant Prosecutor, argued the cause for appellant *(John H. Stamler,* Union County Prosecutor, attorney).

*David B. Littman* argued the cause for respondent.

The opinion of the Court was delivered by

O'HERN, J.

This appeal concerns the scope of the "automobile exception" to the warrant requirement of the fourth amendment. The "automobile exception"

> permits police to stop and search a moving or readily movable vehicle when there is probable cause to believe the vehicle contains criminally related objects. The rationale for this exception is grounded in the exigent circumstances created by the inherent mobility of vehicles and the somewhat lessened expectation of privacy in one's vehicle.
>
> [*State v. Patino,* 83 *N.J.* 1, 9, 414 *A.*2d 1327 (1980).]

The specific issue presented is whether the exigency ordinarily created by the mobility of the automobile is dissipated when the vehicle containing the contraband is found parked on a public street. We hold that when, without advance planning, police encounter a parked car, have probable cause to believe that the vehicle contains criminal contraband such as drugs, and have articulable reasons to believe that the evidence may otherwise

be lost or destroyed, they may seize and search the vehicle for the contraband without the necessity of a warrant.

## I.

On the evening of December 27, 1988, police officers were patrolling a neighborhood in Linden known as a high narcotics traffic area. They observed defendant, sitting on the front porch of an apartment building, engaged in what they suspected was a drug transaction. When they shined their light onto the porch, defendant attempted to flee, throwing to the ground a clear vial that contained a substance that looked like cocaine. The officers arrested defendant and drove him to the police station. Within minutes of the arrest, an informant told the police that drugs had been stashed in defendant's car, which was parked within a block of the arrest site, and that other people knew about the arrest and would attempt to remove the drugs from the car. The police proceeded immediately to the area indicated by the informant and found a car that matched the informant's description. After confirming that the car belonged to defendant, police entered the unlocked car, searched it, and found tinfoil packets of cocaine underneath the dashboard.

A grand jury indicted defendant for possession of a controlled dangerous substance (cocaine), contrary to *N.J.S.A.* 2C:35–10(a)(1). The Law Division granted defendant's motion to suppress the drugs found in the car. Although the existence of probable cause to believe the car contained drugs was not disputed, the Law Division held that the police should have guarded defendant's car until they obtained a warrant to search the car. The Appellate Division affirmed the decision and reasoning of the Law Division. We granted the State's motion for leave to appeal and denied its motion for summary reversal. We now reverse the contrary judgment below and remand the matter for further proceedings.

## II.

██  We begin by noting the obvious. "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." *Coolidge v. New Hampshire*, 403 *U.S.* 443, 461, 91 *S.Ct.* 2022, 2035, 29 *L.Ed.*2d 564, 580 (1971). No case has established the proposition that law-enforcement officers in "every conceivable circumstance" may dispense with the warrant requirement in the context of an automobile search. *Chambers v. Maroney*, 399 *U.S.* 42, 50, 90 *S.Ct.* 1975, 1980, 26 *L.Ed.*2d 419, 428 (1970). Rather, the expression "automobile exception" is a shorthand way of stating the circumstances under which law-enforcement officers may conduct a warrantless search of a car. *Carroll v. United States*, 267 *U.S.* 132, 45 *S.Ct.* 280, 69 *L.Ed.* 543 (1925).

The *Georgetown Law Journal* gives this summary:

> The fourth amendment does not require the police to obtain a warrant to search an automobile when they have probable cause to believe it contains contraband or evidence of criminal activity. This long recognized "automobile exception" to the warrant requirement is based on two rationales. First, the inherent mobility of vehicles often creates exigent circumstances that make the warrant requirement impractical. Second, the "configuration, use, and regulation of automobiles" tends to dilute the reasonable expectation of privacy attendant to other forms of private property.
>
> The importance of the first rationale—the existence of exigent circumstances—is unclear. The Supreme Court has occasionally required a showing of particular exigency to validate a warrantless automobile search. In *Coolidge v. New Hampshire*, [*supra*, 403 *U.S.* 443, 91 *S.Ct.* 2022, 29 *L.Ed.*2d 564,] the Court held that the police needed a warrant to search a car in a driveway of a house under surveillance because of a lack of any circumstances suggesting that it was impractical to obtain a warrant. However, in *California v. Carney*, [471 *U.S.* 386, 105 *S.Ct.* 2066, 85 *L.Ed.*2d 406 (1985),] the Court upheld the [warrantless] search of a mobile home despite the absence of any specific exigent circumstances.
>
> [Goedert, Hall, McCulla, Gellert, and Maloney, "Investigation and Police Practices: Warrantless Searches and Seizures," 76 *Geo.L.J.* 561, 610–11 (1988) (footnotes omitted).]

*California v. Carney, supra,* evoked a strong dissent from Justice Stevens, but what Justice Stevens did not say in his dissent was as important as what he did say. He did not say that a warrant was invariably required merely because of the

fact that the vehicle was parked. What he did say is that "[e]ven if the diminished expectations of privacy associated with an automobile justify the warrantless search of a parked automobile *notwithstanding the diminished exigency,* the heightened expectations of privacy in the interior of a motor home require a different result." 471 *U.S.* at 404 n. 15, 105 *S.Ct.* at 2076 n. 15, 85 *L.Ed.*2d at 421 n. 15 (emphasis added). He repeatedly emphasized that it was the much greater expectation of privacy concerning the interior of a motor home that made the automobile exception inapplicable. And even in that setting, noting the inherent mobility of the vehicle, he took pains to point out other circumstances that made the securing of a warrant practicable. The motor home was parked in an off-the-street lot near a courthouse in which the police could have obtained a warrant; with curtains covering the windshield, there was no indication of imminent departure; and the officers clearly had the element of surprise with them. *Id.* at 404, 105 *S.Ct.* at 2076, 85 *L.Ed.*2d at 421.

Significantly, in *Coolidge v. New Hampshire, supra,* 403 *U.S.* at 462, 91 *S.Ct.* at 2036, 29 *L.Ed.*2d at 580, a case in which the Court suppressed evidence obtained from an automobile seized while parked in the residence driveway of one who had been arrested, Justice Stewart pointed out:

> [T]here is nothing in this case to invoke the meaning and purpose of the rule of *Carroll v. United States*—no alerted criminal bent on flight, no fleeting opportunity on an open highway after a hazardous chase, no contraband or stolen goods or weapons, no confederates waiting to move the evidence, not even the inconvenience of a special police detail to guard the immobilized automobile. In short, by no possible stretch of the legal imagination can this be made into a case where "it is not practicable to secure a warrant," *Carroll, supra,* [267 *U.S.*] at 153, 45 *S.Ct.* at 285, 69 *L.Ed.* at 551.

He thus emphasized, by reciting the absence of those circumstances, that it was not the mere fact that the vehicle was parked in the Coolidge driveway that made the seizure and subsequent search invalid. In sum, there is no per se rule under federal law requiring a warrant to search a parked car.

In New Jersey, we have recognized that the automobile exception does not stand or fall on the fact that a moving car was stopped and then searched. In *State v. Esteves*, 93 *N.J.* 498, 461 *A*.2d 1128 (1983), we upheld the warrantless search of a car found in a parking lot. The police had been dispatched to investigate a possible robbery in progress at a store and had been informed that a suspect with a gun was seen in an orange Volkswagen. *Id.* at 501, 461 *A*.2d 1128. In upholding the search, we emphasized these strands of search-and-seizure analysis: the diminished expectation of privacy in a car, combined with the "significance of weapons when these are the object of the search or a concern relating to the safety of the police officers," *id.* at 505, 461 *A*.2d 1128, and the exercise of routine police procedures (a search for identification), not carried out wrongfully to discover evidence but to accomplish a legitimate police purpose. Probable cause existed for the search. The police had been advised of a possible robbery and had seen what appeared to be a pistol in the Volkswagen. In addition, neither the owner of the car nor his companion (who were questioned as they left the store) could produce satisfactory identification. So too in *State v. Alston*, 88 *N.J.* 211, 234, 440 *A*.2d 1311 (1981), we held that "exigent circumstances do not dissipate simply because the particular occupants of the vehicle may have been removed from the car, arrested, or otherwise restricted in their freedom of movement."

The automobile has never been afforded the degree of protection accorded to other privacy interests. The United States Supreme Court has never required police to seize and hold a car before presenting the probable-cause issue to a magistrate. *See United States v. Ross*, 456 *U.S.* 798, 811, 102 *S.Ct.* 2157, 2166, 72 *L.Ed.*2d 572, 585 (1982) ("the practical problems associated with the temporary detention of a piece of luggage during the period of time necessary to obtain a warrant are significantly less than those associated with the detention of an automobile"); *cf. United States v. Chadwick*, 433 *U.S.* 1, 13, 97 *S.Ct.* 2476, 2484, 53 *L.Ed.*2d 538, 549 (1977) (footlocker's mobility

does not justify warrantless search after seizure). Even while dissenting in *Ross,* which allowed the warrantless search of all containers in the car believed to contain contraband, Justice Marshall wrote:

> [T]his Court has refused to require a warrant in situations where the process of obtaining such a warrant would be more intrusive than the actual search itself. *Cf. Katz v. United States* [389 *U.S.* 347, 88 *S.Ct.* 507, 19 *L.Ed.*2d 576 (1967)]. * * * Therefore, even where police *can* bring both the defendant and the automobile to the station safely and can house the car while they seek a warrant, the police are permitted to decide whether instead to conduct an immediate search of the car. In effect, the warrantless search is permissible because a warrant requirement would not provide significant protection of the defendant's Fourth Amendment interests.
>
> [456 *U.S.* at 831, 102 *S.Ct.* at 2176, 72 *L.Ed.*2d at 598.]

The rationale for the different treatment in the case of the automobile was set forth in *Chambers v. Maroney, supra,* 399 *U.S.* 42, 90 *S.Ct.* 1975, 26 *L.Ed.*2d 419. The Court stated:

> Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the "lesser" intrusion is permissible until a magistrate authorizes the "greater." But which is the "greater" and which is the "lesser" intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.
>
> [399 *U.S.* at 51–52, 90 *S.Ct.* at 1981, 26 *L.Ed.*2d at 428.]

In sum, if the police have probable cause sufficient to seize the vehicle in order to prevent the loss of the evidence, they have justification to conduct the search at the scene.

### III.

██ The core question is whether there is anything "in this case to invoke the meaning and purpose of the rule of *Carroll v. United States*": that is, are the circumstances such that "it is not practicable to secure a warrant"? *Coolidge v. New Hampshire, supra,* 403 *U.S.* at 462, 91 *S.Ct.* at 2036, 29 *L.Ed.*2d at 580. In this case, nearly all of the factors missing in *Coolidge* were present. Any element of surprise had been lost;

the vehicle contained the "contraband" drugs; there were "confederates waiting to move the evidence"; the police would need "a special police detail to guard the immobilized automobile." *Ibid.* In such circumstances, "it would often be unduly burdensome and unreasonably restrictive to require the police to post a guard and repair to the courthouse for a warrant once they have probable cause to search" the car. *United States v. Bradshaw*, 515 *F.*2d 360, 363 (D.C.Cir.1975). Whether a special police detail is less burdensome when a car is parked on a city street than when the car is stopped on an open highway is open to debate. In either case it may be impracticable.

In this case, the trial court viewed the case as a search incident to an arrest. It ruled "[t]here is no exception [from the warrant requirement] for a car when a car is not being driven by anyone, not readily able to be driven away. *New York v. Belton*, [453 *U.S.* 454, 101 *S.Ct.* 2860, 69 *L.Ed.*2d 768 (1981),] only refers to cases where there is an arrest and the search of the car is contemporaneous to that arrest." But the *Belton* exception for a search incident to an arrest is conceptually distinct from the exception for automobile searches. In the former, there need be no probable cause to believe that the vehicle contains contraband. A search under the automobile exception is justified not by the arrest of its occupants, but by the circumstances that furnish the officer with probable cause.

Here, the circumstances overwhelmingly furnished the officers with probable cause. Following the arrest of the suspected drug dealers, a confidential informant had furnished information, corroborated by the officers' on-the-scene investigation, that a "white four-door Cadillac" containing narcotics "would be unlocked [and] could be started without a key." In addition, the necessity to avoid the loss or destruction of evidence further justified the search. Recall that the officers had been told that "other people" knew of Colvin's arrest and would try to retrieve the narcotics themselves. The necessity to prevent the loss of the evidence evokes many of the concerns that we addressed in *State v. Hutchins*, 116 *N.J.* 457, 561 *A.*2d 1142

(1989), and *State v. Lewis*, 116 *N.J.* 477, 561 *A.*2d 1153 (1989). In those cases, we reviewed in the context of dwelling searches the limited number of situations that have been categorized as "exigent circumstances" sufficient to overcome the warrant requirement, including the potential destruction of evidence. *Hutchins, supra*, 116 *N.J.* at 463–67, 561 *A.*2d 1142; *Lewis, supra*, 116 *N.J.* at 483–85, 561 *A.*2d 1153. Because of the heightened sense of privacy associated with a dwelling search ("physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed," *United States v. United States District Court*, 407 *U.S.* 297, 313, 92 *S.Ct.* 2125, 2134, 32 *L.Ed.*2d 752, 764 (1972)), we expressed a strong preference that the probable-cause issue be presented to a magistrate. *Hutchins, supra*, 116 *N.J.* at 462–63, 561 *A.*2d 1142; *Lewis, supra*, 116 *N.J.* at 487, 561 *A.*2d 1153. That unique privacy interest is not present here.

The Utah Supreme Court has attempted to simplify its search-and-seizure rules so that they could "be more easily followed by the police and the courts and, at the same time, provide the public with consistent and predictable protection against unreasonable searches and seizures." *State v. Larocco*, 794 *P.*2d 460, 469 (Utah 1990). That court ruled:

> This can be accomplished by eliminating some of the confusing exceptions to the warrant requirement * * *. [W]arrantless searches will be permitted only where they satisfy their traditional justification, namely, to protect the safety of police or the public or to prevent the destruction of evidence.
> [*Id.* at 469–70 (citations omitted).]

There may be some merit to the idea of such a "bright-line" rule in this area: If the car is parked, get a warrant. However, such a rule might pose as many problems as it would solve. "[T]here will be endless variations in the facts and circumstances, so much variation that it is unlikely that the courts can reduce to a sentence or a paragraph a rule that will provide unarguable answers to the question whether there has been an unreasonable search or seizure in violation of the Fourth Amendment." *Florida v. Royer*, 460 *U.S.* 491, 506–07, 103 *S.Ct.* 1319, 1329, 75 *L.Ed.*2d 229, 242 (1983). For example, the

"bright-line" rule might have left the whereabouts of the gun in Esteves' Volkswagen unresolved while the police sought a warrant.

With rare exceptions, predicated on unique State interests, *see State v. Hempele*, 120 *N.J.* 182, 576 *A.*2d 793 (1990), we have harmonized our search-and-seizure law with Supreme Court precedent. *State v. Lund*, 119 *N.J.* 35, 573 *A.*2d 1376 (1990). We do so here.

The justification to conduct a warrantless automobile search does not turn on whether the vehicle is parked or moving. The justification turns on the circumstances that make it impracticable to obtain a warrant when the police have probable cause to search the car. When, as here, the police have no advance knowledge of the events to unfold, no warrant is required to search a parked car if the police have probable cause to believe that the car contains criminal contraband and have articulable reasons to search the vehicle immediately to prevent the loss or destruction of the evidence.

The judgment below is reversed and the matter remanded to the Law Division for further proceedings in accordance with this opinion.

*For Reversal and Remandment*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, GARIBALDI, O'HERN and STEIN—7.

*Opposed*—None.