250 N.J. Super. 74 (1991)
593 A.2d 379
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NICHOLAS GRASS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 16, 1991.
Decided July 25, 1991.
*75 Before Judges HAVEY and SKILLMAN.
Barry H. Shapiro argued the cause for appellant.
Linda A. Rinaldi, Deputy Attorney General, attorney for respondent (Robert J. Del Tufo, Attorney General, attorney; Linda A. Rinaldi, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Based on evidence obtained through a search of his automobile subsequent to his arrest for driving on the revoked list, defendant was indicted together with codefendants Eugene Bernardo and Eileen Pierce for possession of a handgun without a permit, in violation of N.J.S.A. 2C:39-5b; receiving stolen property, in violation of N.J.S.A. 2C:20-7a; and possession of cocaine, in violation of N.J.S.A. 2C:35-10a(1). The trial court denied defendant's motion to suppress the evidence discovered in his automobile. Thereafter, defendant entered into a plea bargain with the State pursuant to which he pled guilty to possession of a handgun without a permit and the State agreed to dismiss the remaining charges. The court sentenced defendant to a four year term of imprisonment for the weapons offense. Defendant appeals from the order denying his motion to suppress.
Defendant was stopped for speeding on Route 527 in Manalapan Township on August 19, 1989, based on a radar clocking which indicated he had been traveling 51 miles per hour in a 40 *76 mile per hour zone. A check of defendant's driving credentials disclosed that his license was suspended. Defendant was directed to get out of the car, placed under arrest, handcuffed and put in the back seat of the patrol car. The arresting officer then returned to the car and directed the two passengers, Bernardo and Pierce, to get out and produce some form of identification. After examining this identification, the officer searched the passenger compartment of the car, which revealed a camera case containing a handgun and a jacket containing a cellophane packet with a small amount of cocaine. The officer estimated that approximately two to three minutes elapsed between when he put defendant in the back seat of the patrol car and when he searched the passenger compartment of defendant's car.
In an oral opinion delivered on June 8, 1990, the trial court concluded that the search of the passenger compartment of defendant's vehicle incident to his arrest was valid under the rule set forth in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). We agree and therefore affirm the denial of defendant's motion to suppress.
Belton holds that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775. Moreover, the permissible scope of such a search extends to the contents of any containers found within the passenger compartment. Id. at 460-62, 101 S.Ct. at 2864-65, 69 L.Ed.2d at 775-76. The Court further indicated that the validity of a search of the passenger compartment of the arrestee's vehicle and the containers located therein does not require any showing that the search probably will reveal weapons or evidence:
It is true, of course, that these containers will sometimes be such that they could hold neither a weapon nor evidence of the criminal conduct for which the suspect was arrested. However, in United States v. Robinson, the Court rejected the argument that such a container  there a "crumpled up cigarette *77 package"  located during a search of Robinson incident to his arrest could not be searched: "The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment: that intrusion being lawful, a search incident to the arrest requires no additional justification." [453 U.S. at 461; 101 S.Ct. at 2864, 69 L.Ed.2d at 775-76 (quoting United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427, 440-41 (1973))].
See also State v. Colvin, 123 N.J. 428, 435, 587 A.2d 1278 (1991) (To sustain a Belton search incident to an arrest, "there need be no probable cause to believe that the vehicle contains contraband.").
Defendant does not dispute that he was under arrest when the passenger compartment of his automobile was searched. Nor does he question the legality of his arrest or the fact that the search was conducted immediately after his arrest. Therefore, the search in this case was a contemporaneous incident of a lawful custodial arrest of an occupant of an automobile, which is authorized by Belton. See also United States v. Schecter, 717 F.2d 864, 867-68 (3d Cir.1983).
The validity of the search is not affected by the circumstance that defendant no longer had effective access to his vehicle when the search was conducted. As pointed out by Professor LaFave:
[U]nder Belton a search of the vehicle is allowed even after the defendant was removed from it, handcuffed, and placed in the squad car, or even if a single defendant was in the custody of several officers. [3 W. LaFave, Search & Seizure § 7.1(c) at 15-16 (2d ed. 1987) (footnotes omitted)].
Accord United States v. White, 871 F.2d 41, 43-44 (6th Cir.1989); United States v. Karlin, 852 F.2d 968, 970-72 (7th Cir.1988), cert. denied, 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989); United States v. McCrady, 774 F.2d 868, 871-72 (8th Cir.1985); United States v. Cotton, 751 F.2d 1146, 1148-50 (10th Cir.1985); People v. Hunt, 225 Cal. App.3d 498, 275 Cal. Rptr. 367, 371-73 (Ct.App. 1990); State v. Hull, 210 Conn. 481, 556 A.2d 154, 162-64 (1989); Traylor v. State, 458 *78 A.2d 1170, 1173-75 (Del. 1983); State v. Fladebo, 113 Wash.3d 388, 779 P.2d 707, 711-13 (1989).
The validity of the search is also not affected by the circumstance that defendant's arrest was for a motor vehicle offense. See United States v. White, supra, 871 F.2d at 43-44; United States v. Pino, 855 F.2d 357, 363-64 (6th Cir.1988), cert. denied, ___ U.S. ___, 110 S.Ct. 1160, 107 L.Ed.2d 1063 (1990); Traylor v. State, supra, 458 A.2d at 1173-75; State v. Garcia, 801 S.W.2d 137, 141 (Tex. Ct. App. 1990); State v. Quintero-Quintero, 60 Wash. App. 902, 808 P.2d 183, 185 (1991).
This case is significantly different from State v. Barksdale, 224 N.J. Super. 404, 540 A.2d 901 (App.Div. 1988), in which this court invalidated a search of the interior of an automobile conducted more than ten minutes after the arrest of its occupants and after the automobile had been pushed manually for seventy-five feet. The court in Barksdale characterized this search as "anything but `a contemporaneous incident of that arrest.'" Id. at 415, 540 A.2d 901; see also United States v. Vasey, 834 F.2d 782, 787-88 (9th Cir.1987) (warrantless search of automobile conducted anywhere from thirty to forty-five minutes after defendant was arrested, handcuffed and placed in rear of patrol car was not contemporaneous with the arrest). In contrast, the search in this case was conducted immediately after defendant's arrest.
We also reject the suggestion in defendant's brief that we should construe the New Jersey Constitution to impose a more restrictive limitation upon the search of an automobile incident to the arrest of an occupant than the Supreme Court of the United States set forth in Belton. Although the Supreme Court of New Jersey has not directly addressed this issue, see State v. Alston, 88 N.J. 211, 235 n. 15, 440 A.2d 1311 (1981), it has noted the holding of Belton on several occasions without suggesting that the New Jersey Constitution should be construed to require a more restrictive approach. See, e.g., State v. Colvin, supra, 123 N.J. at 435, 587 A.2d 1278; State v. *79 Lund, 119 N.J. 35, 38, 573 A.2d 1376 (1990); State v. Bruzzese, 94 N.J. 210, 218, 463 A.2d 320 (1983), cert. denied, 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984); State v. Esteves, 93 N.J. 498, 506 n. 2, 461 A.2d 1128 (1983). This court also has treated Belton as the controlling law in New Jersey on a number of occasions. See, e.g., State v. Barksdale, supra, 224 N.J. Super. at 412-15, 540 A.2d 901; State v. Sarto, 195 N.J. Super. 565, 574, 481 A.2d 281 (App.Div. 1984); State v. Nittolo, 194 N.J. Super. 344, 346-47, 476 A.2d 1253 (App.Div. 1984); State v. Kearney, 183 N.J. Super. 13, 19-21, 443 A.2d 214 (App.Div. 1981), certif. denied, 89 N.J. 449, 446 A.2d 169 (1982).
Affirmed.