808 A.2d 552

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
LARRY D. WILSON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 8, 2002—Decided October 30, 2002.

Before Judges PRESSLER, CIANCIA and HOENS.[1]

*Mark H. Friedman,* Assistant Deputy Public Defender, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney; *Mr. Friedman,* of counsel and on the brief).

*Jane E. Hendry,* Assistant Passaic County Prosecutor, argued the cause for respondent (*James F. Avigliano,* Passaic County

---

[1] Judge Hoens did not participate in oral argument. However, the parties have consented to her participation in the decision.

Prosecutor, attorney; *Gary H. Schlyen,* Acting Chief Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

CIANCIA, J.A.D.

This appeal addresses the question of whether drugs found on a person who was recently a passenger in a vehicle constitute probable cause to search that vehicle. On the facts presented we hold that probable cause was not established.

Following the denial of his motion to suppress evidence, defendant Larry D. Wilson pled guilty to third-degree possession of cocaine, *N.J.S.A.* 2C:35–10a(1); third-degree possession of cocaine with intent to distribute, *N.J.S.A.* 2C:35–5a(1) and b(3); and third-degree possession of cocaine with intent to distribute within 1000 feet of school property, *N.J.S.A.* 2C:35–7. The plea agreement specifically noted defendant's reserved right to appeal the denial of his motion to suppress.[2]

Defendant qualified as a persistent offender pursuant to *N.J.S.A.* 2C:44–3a and the State successfully moved for an extended-term sentence. At sentencing the offenses merged into the third-degree crime of possessing cocaine with intent to distribute within 1000 feet of school property. The extended term imposed for that crime was six years with a three-year period of parole disqualification. Appropriate fees and penalties were also imposed.

On appeal defendant contends the motion to suppress was erroneously denied and his sentence was excessive. We agree the motion to suppress should have been granted and, therefore, do not reach the excessive sentence issue.

---

[2] Permission to appeal the denial of a motion to suppress following a guilty plea is provided by *R.* 3:5–7(d). The entitlement need not be specifically referenced in the plea agreement.

The facts developed at the suppression hearing are as follows. During the early morning hours of February 20, 1999, two Paterson police officers on motor patrol saw a vehicle being driven by a man, later identified as Floyd McDonald, Jr., with defendant as a front seat passenger. The car was not violating any motor vehicle law, but one of the officers believed there were outstanding warrants against defendant. He thought the warrants were for "contempt." The McDonald vehicle stopped and parked, its occupants apparently unaware of the police presence. McDonald and defendant exited the vehicle. Defendant started to walk across the street when the police called to him and defendant then began to walk toward the police. Defendant was escorted to the police car and arrested based upon the warrants outstanding against him. Defendant's hands were inside his sleeves and the police told him to extend his arms so that he could be handcuffed. As defendant complied, a bag of marijuana dropped from his right sleeve and six bags of crack cocaine fell from his left sleeve. Defendant was handcuffed and placed in the police car.

McDonald, meanwhile, had been walking toward the police car when all this was occurring. Neither police officer knew McDonald, and he apparently produced a valid driver's license. The officers did not check the ownership of the car McDonald was driving. One of the officers traced defendant's steps from the McDonald vehicle to the police vehicle in an effort to see if any more drugs had dropped on the ground. No additional drugs were found. Without seeking consent, the officer then opened the passenger side door of the McDonald vehicle to see if there were additional drugs or paraphernalia. He saw suspected drugs in the "map pocket" located on the lower portion of the passenger side door. The drugs had not been in plain view and could not have been seen if the car door had remained closed. The suspected narcotics turned out to be fifty bags of crack cocaine. Defendant moved to suppress those drugs as well as the drugs that fell from his sleeves.

The trial court issued a written decision finding, in part, that the drugs dropped from defendant's sleeves had been properly seized. We agree and, in fact, defendant does not now contend otherwise. The trial court then went into an analysis of the automobile exception to the normal requirement that a search warrant must be obtained to comply with the requirements of the Federal and State constitutions.[3] The trial judge found that the discovery of drugs on defendant's person constituted probable cause to search the vehicle. He also found exigent circumstances because there was, in his view, a possibility that McDonald would destroy the evidence if one of the officers left to get a warrant and the other was occupied guarding defendant. He also believed it possible that third parties could have access to the drugs in the car. The penultimate paragraph of the court's opinion sums up the rationale for denying the motion to suppress.

> Accordingly, this Court finds that the officers were entitled to approach Wilson and conduct a field inquiry. Prior [subsequent?] to that field inquiry, illegal narcotics were recovered from Wilson which gave probable cause to believe that the motor vehicle contained narcotics. Furthermore, the vehicle was readily mobile and accessible to third persons, who could have moved the car or destroyed its contents. This Court is satisfied that under the facts of the present case, the search of the automobile was valid because both probable cause and exigent circumstances existed.

We disagree. It is clear that the only arguable basis for a warrantless search of McDonald's vehicle was the "automobile exception." That exception "permits police to stop and search a moving or readily moveable vehicle when there is probable cause to believe the vehicle contains criminally related objects. The rationale for this exception is grounded in the exigent circumstances created by the inherent mobility of vehicles and the somewhat lessened expectation of privacy in one's vehicle." *State v. Patino,* 83 *N.J.* 1, 9, 414 *A.*2d 1327 (1980). The federal courts have moved away from the concept of exigent circumstances in favor of a "lesser expectation of privacy" standard, but the New Jersey courts maintain the traditional test. *State v. Cooke,* 163

---

[3] *U.S. Const.* amend IV; *N.J. Const.* art. I, ¶ 7.

*N.J.* 657, 666–671, 751 *A*.2d 92 (2000). That difference aside, both state and federal courts agree that probable cause to search must exist as the *sine qua non* of a search. Neither exigency of circumstances nor lowered expectations of privacy substitute for the requirement of probable cause.

■ Simply put, defendant's possession of drugs on his person without more, does not provide probable cause to search his last known place of occupancy. We have found no case that would support a contrary conclusion.

In *State v. Patino, supra,* defendant had been stopped for a routine motor vehicle check and marijuana was seen in plain view in the front seat area of the vehicle. A search of the trunk revealed cocaine. Our Supreme Court invalidated the trunk search stating:

> With regard to the second offense here, the bare circumstance of a small amount of marijuana does not constitute a self-evident proposition that more marijuana or other contraband might be elsewhere in the automobile. The presence of the marijuana alone does not under these facts give rise to an inference that would lead a police officer of ordinary prudence and experience conscientiously to entertain a strong suspicion that additional criminal contraband is present in the trunk of the automobile. The officer knew of no prior history of illegal conduct by these defendants. There was no erratic driving, suspicious gestures, or other incriminating activity observed. Nothing found in the interior of the passenger area or in the conduct of the defendants generated any suspicion of a drug cache in the trunk or of any personal danger to the officer. As the Appellate Division recognized, "the search was purely investigatory and the seizure a product of luck and hunch, a combination of insufficient constitutional ingredients." 163 *N.J.Super.* at 125, 394 *A*.2d 365.
>
> In short, we hold that on these facts there is no rational basis presented for the trooper's conclusion that evidence of a small amount of marijuana was suggestive of criminal acts beyond the observed possession offense.
>
> [*Patino, supra,* 83 *N.J.* at 12–13, 414 *A*.2d 1327 (footnote omitted).]

In *State v. McDaniel,* 156 *N.J.Super.* 347, 383 *A*.2d 1174 (App. Div.1978), a car being driven by William Super with defendant as a passenger was stopped after it made an "erratic stop ... with a long screech of brakes." The driver, as it turned out, was wanted on a bench warrant and the police decided to impound the car. Both defendant and the driver were frisked for the protection of the police before they were to be driven in a police car to the

precinct station. The frisk of defendant produced nine empty glassine envelopes. A subsequent search of the vehicle revealed forty-seven bags of heroin hidden behind the back of the front seat. In rejecting the contention that the police had probable cause to search the vehicle, we found that the facts may have given rise to suspicions, but those suspicions were insufficient to constitute probable cause. *Id.* at 362–363, 383 *A.2d* 1174. We noted the lack of furtive actions by the suspects and their willingness to cooperate. Nothing visible in the car gave the slightest indication it contained contraband. The motor vehicle violations were not such as to suggest that further evidence of those violations could be discovered within the vehicle. *Id.* at 363, 383 *A.2d* 1174.

By contrast, those cases upholding the warrantless search of a motor vehicle based upon probable cause do so on facts not found in *Patino; McDaniel,* or the present case.

In *Cooke, supra,* the police had been told drugs were being sold from a supply kept in a particular vehicle. First-hand observation confirmed this information. 163 *N.J.* at 671, 751 *A.2d* 92. The Court found that these facts established probable cause.

In *State v. Hammer,* 346 *N.J.Super.* 359, 788 *A.2d* 284 (App.Div. 2001), a speeding car was stopped and open containers of beer were observed in the vehicle. The driver was unable to provide any credentials and, as he exited the car, two hollow point bullets fell from his coat onto the ground. The passenger compartment of the car was searched revealing drugs, but no weapon. A search of the trunk followed and more drugs were discovered, although again, no weapon was found. We held that on the facts presented probable cause existed to search the passenger portion of the car, and when that search revealed drugs probable cause existed to search the trunk. *Id.* at 367–368, 788 *A.2d* 284.

In *State v. Smith,* 306 *N.J.Super.* 370, 703 *A.2d* 954 (App.Div. 1997), a plastic bag, apparently containing marijuana, was seen on the person of the front seat passenger while he was still in the car. The passenger made a furtive gesture and two packages wrapped

in silver duct tape were then observed between the passenger's legs. The car had been driven erratically and an odor of alcohol was detected when it was stopped. We found those facts sufficient to establish probable cause to search the vehicle. *Id.* at 381, 703 *A.2d* 954.

■ The facts of the present case stand in contrast to those cases where probable cause was found to exist. The McDonald vehicle committed no motor vehicle violation. There was apparently nothing suspicious about the car itself. The car stopped on its own initiative, not at police request. The occupants exited the car on their own volition. The driver had proper credentials. There was no contraband in plain view and no indication that either occupant of the vehicle had recently ingested drugs. The occupants did not attempt to flee and, indeed, it appears neither defendant nor McDonald even knew the police were present when they stepped out of the car. There was no testimony that the warrants outstanding against defendant were for drug violations or any form of violent conduct. Until the point of defendant's arrest the two occupants demonstrated no furtive conduct. When defendant was asked to put his hands out he complied. The only incriminating conduct was that drugs dropped from defendant's clothing when he was being handcuffed. No drugs were found on the ground between the McDonald car and where defendant was being handcuffed. There was no testimony that the amount of drugs on defendant's person caused a suspicion that other drugs would be present in the vehicle. There was no testimony that the neighborhood was an area of high drug activity.

We acknowledge that defendant's possession of drugs on his person might give rise to some suspicion of more drugs in the immediate area, including places defendant had just occupied. In our view, however, that level of suspicion does not constitute probable cause.[4] That is to say, the facts could not, as a matter of

---

[4] Whether the officer's suspicions were sufficient to support a request for consent to search the car is an issue not before us because consent was not sought. *State v. Carty,* 170 *N.J.* 632, 790 *A.2d* 903 (2002).

law, give rise to a well grounded suspicion that the vehicle contained narcotics. The conjecture raised by the State, *e.g.*, the occupants walking away from the vehicle evidenced an intent to disassociate themselves from contraband in the car, is just that; conjecture unsupported by any testimony of the arresting officers. To hold that probable cause existed in these circumstances would allow the issuance of search warrants and searches without warrants in circumstances well beyond those currently permitted by our case law. If defendant's mere proximity to a location while in possession of drugs constitutes probable cause to search that location, then a suspect who leaves his house and is immediately seen selling drugs would thereby have provided probable cause for a warrant to search the house. Similarly, a person leaving a store who then sells drugs would be said to establish probable cause for a warrant to search the store. The examples abound, and each is outside the parameters of probable cause as it has been defined by our case law. *See generally State v. Novembrino,* 105 *N.J.* 95, 519 *A.*2d 820 (1987). Accordingly, we are satisfied that the motion to suppress should have been granted as to those drugs found in the vehicle.

In the absence of probable cause there is no need to explore the question of exigent circumstances. Had probable cause existed and if the record demonstrated any legitimate concern by the police for the loss or destruction of the contraband, then in all likelihood the police would have been justified in searching the car without a warrant. *State v. Colvin,* 123 *N.J.* 428, 587 *A.*2d 1278 (1991). In truth, the question of exigent circumstances was not adequately explored at the suppression hearing. The justifications given by the trial court were suppositions unsupported by the evidence. In any event, the absence of probable cause renders further discussion unnecessary.

Defendant's judgment of conviction, including his guilty plea, is vacated. The matter is remanded for further proceedings.