NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2458-14T2

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

v.

AARON JESSUP,

       Defendant-Respondent.

---

APPROVED FOR PUBLICATION

July 1, 2015

APPELLATE DIVISION

Submitted June 2, 2015 — Decided July 1, 2015

Before Judges Koblitz, Haas and Higbee.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-06-1080.

Gaetano T. Gregory, Acting Hudson County Prosecutor, attorney for appellant (Megan B. Kilzy, Assistant Prosecutor, on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Lauren S. Michaels, Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

After a suppression hearing, and with leave granted, the State appeals from the December 17, 2014 order granting defendant Aaron Jessup's motion to suppress the controlled

dangerous substances (CDS) found on top of a tire of a car parked in the driveway of an abandoned home in Jersey City. We reverse, concluding that defendant had no expectation of privacy in a bag containing CDS that the police saw him place on top of a car's rear tire.

The testimony at the motion to suppress revealed the following facts. On April 2, 2014, at 9:50 p.m., Jersey City Police Officer Burgess set up surveillance using binoculars. Ten minutes later he saw defendant enter into a driveway located on property with a boarded up residence with broken windows that he knew through lengthy observation had been abandoned. Once in the driveway defendant approached a red four-door Corolla with no license plates, which was parked with the rear of the vehicle facing the street. Officer Burgess observed, through binoculars, as defendant removed a zip-lock bag from the top of the rear driver's side tire and took items from the bag. After defendant was finished removing the items from the bag, he placed the zip-lock bag back on top of the rear driver's side tire. Defendant then exchanged what he had retrieved from the zip-lock bag for money given to him by another man (the buyer).

After witnessing the transaction between defendant and the buyer, Burgess radioed to police officers located on the perimeter to stop the buyer, who had begun walking away from the

area. The buyer was stopped shortly after 10:00 p.m. The buyer had on his person two glassine bags containing heroin, stamped with the logo "crazy," and two vials with a yellow cap containing cocaine.

Upon direction from Officer Burgess, thirty-four bags containing heroin, stamped with the logo "crazy," and six vials with yellow caps containing cocaine were recovered from the zip-lock plastic bag on top of the rear tire of the red Corolla. Defendant was arrested later that night, at approximately 11:00 p.m., with $189 on his person. He was driving his grandmother's minivan. No car was registered in his name.

A State's witness, who was going to testify that the residence was abandoned, did not appear timely to testify at the suppression hearing. Defense counsel indicated that he would be willing to stipulate that the driveway was on abandoned property, stating, "Whether or not the house is abandoned, we don't think that has a lot of bearing on really the heart of the issue, so we are cool with just moving on without the testimony." Based on that agreement, the hearing proceeded without that witness. No evidence was produced regarding the owner of the red Corolla, nor did defendant testify.

The motion court was not called upon to make credibility determinations. It accepted the State's testimony and granted

defendant's motion based on its finding that, in spite of the contrary stipulation, the State had not demonstrated that the home was abandoned as required by State v. Brown, 216 N.J. 508, 529 (2014), nor that exigent circumstances existed sufficient to justify the search of the red Corolla without a warrant, pursuant to State v. Colvin, 123 N.J. 428, 429 (1991).

When reviewing a trial court's decision on a motion to suppress evidence, we defer to the trial court's factual findings "so long as those findings are supported by sufficient credible evidence in the record." State v. Hubbard, __ N.J. __, __ (2015) (slip op. at 14) (citations omitted).

However, "[w]hether the facts found by the trial court are sufficient to satisfy the applicable legal standard is a question of law subject to plenary review on appeal." State v. Cleveland, 371 N.J. Super. 286, 295 (App. Div.) (citations omitted), certif. denied, 182 N.J. 148 (2004). We are not bound by the legal conclusions of a trial court. State v. Gandhi, 201 N.J. 161, 176 (2010) (citations omitted). "[C]onclusions of law are reviewed de novo." Zaman v. Felton, 219 N.J. 199, 216 (2014).

The United States and New Jersey Constitutions guarantee an individual's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7. A

warrantless search is "'presumed invalid unless it falls within one of the recognized exceptions to the warrant requirement.'" State v. Wilson, 178 N.J. 7, 12 (2003) (quoting State v. Cooke, 163 N.J. 657, 664 (2000)). "The State bears the burden of proving by a preponderance of the evidence the validity of a warrantless search." State v. Edmonds, 211 N.J. 117, 128 (2012) (citation omitted).

We agree with the State that defendant had no privacy interest in the top of the rear tire of the red Corolla. Thus concepts such as "the automobile exception" or "exigent circumstances," which are explained by our Supreme Court in Colvin, a case dealing with a search of the interior of a parked car, have no relevance here. Colvin, supra, 123 N.J. at 429-30. The CDS were hidden in a clear plastic bag on top of the tire. Officer Burgess could see defendant retrieve the CDS through the permissible use of binoculars. State v. Fuhs, 265 N.J. Super. 188, 190 (App. Div.) (holding that the use of binoculars by a police officer to observe "defendant's rear-yard marijuana crop did not violate the privacy protections afforded by the Fourth Amendment"), certif. denied, 134 N.J. 486 (1993).

It was not necessary to open the door of the car, or reach inside the car, or even search around the underside of the car, to obtain the CDS. Defendant had no reasonable expectation of

privacy in the area on top of the rear tire on the exterior of the car. See New York v. Class, 475 U.S. 106, 114, 106 S. Ct. 960, 966, 89 L. Ed. 2d 81, 90 (1986) (noting that a "VIN's[1] mandated visibility makes it more similar to the exterior of the car than to the trunk or glove compartment. The exterior of a car, of course, is thrust into the public eye, and thus to examine it does not constitute a 'search.'").

A person has no legitimate expectation of privacy in the exterior of a tire on a car, which is easily accessible to the public, and visible through the use of a flashlight. See State v. Reininger, 430 N.J. Super. 517, 534 (App. Div.) (citation omitted) (holding that an officer's "use of a flashlight to illuminate the firearm cases on the rear seat of the SUV did 'not transform an otherwise reasonable observation into an unreasonable search within the meaning of the Fourth Amendment.'"), certif. denied, 216 N.J. 367 (2013).

A person who secretes an object on top of a tire assumes that vehicle will not move. The security of the hiding place is dependent on the vehicle remaining parked. Hiding CDS on a tire is comparable to hiding CDS in a tin under a car. We have held

---

[1] The primary and most visible identifying number placed in a car at the point of production is called the vehicle identification number (VIN). State v. Lungsford, 167 N.J. Super. 296, 299 (App. Div. 1979).

that a defendant who put CDS in such a tin "had no protected Fourth Amendment rights in the narcotics stash maintained remotely from his person." State v. Burgos, 185 N.J. Super. 424, 426 (App. Div. 1982).

The driveway where the car was parked offers no greater expectation of privacy. In Gibson, we explained that:

> [The] defendant's movement about the driveway, whether it was owned by him, his mother or any other person, was within the public view and observed from the public thoroughfare. Although the driveway was close to the house, the fence along the front of the house did not prevent entrance through the normal and expected use of the driveway, and the driveway was clearly observable from the street. Accordingly, [the] defendant could have no reasonable expectation of privacy in the driveway.
>
> [State v. Gibson, 318 N.J. Super. 1, 10-11 (App. Div. 1999) (internal citation omitted).]

The red Corolla was not registered to defendant, and could well have been abandoned, as it was parked without license plates in the driveway of an abandoned residence. Regardless of the ownership of the red Corolla, the constitutionally significant fact is that the CDS were hidden outside the car, on top of the rear tire. Defendant had no reasonable expectation of privacy and thus a search warrant was not required.

"The purpose of the exclusionary rule is to deter police misconduct and to preserve the integrity of the courts." State

v. Johnson, 118 N.J. 639, 651 (1990) (citations omitted). Seizing the zip-lock bag of CDS from the top of the rear tire of the red Corolla without a warrant constituted appropriate law enforcement action.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2458-14T2