625 A.2d 1151

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. GREGORY J. FUHS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 21, 1993—Decided May 20, 1993.

Before Judges GAULKIN, HAVEY and STERN.

*Venturi, Goodwin & Brockway,* attorneys for appellant *(Jack Venturi,* on the brief).

*Nicholas L. Bissell, Jr.,* Somerset County Prosecutor, attorney for respondent *(Nicholas A. Giuditta, III,* Assistant Prosecutor, of counsel and on the brief).

PER CURIAM.

After defendant's motion to suppress evidence was denied, a jury convicted defendant of fourth-degree possession of a controlled dangerous substance (marijuana), *N.J.S.A.* 2C:35–10a(3); and third-degree possession of a controlled dangerous substance with intent to distribute it, *N.J.S.A.* 2C:35–5a(1) and *N.J.S.A.* 2C:35–5b(11). Judge Imbriani merged the convictions and sentenced defendant to a three-year period of probation, conditioned upon defendant serving 364 days in the county jail.

On appeal, defendant raises the following points:

*Point I*—The warrantless use of binoculars in conjunction with the police officer's false statements in his affidavit for search warrant constitute [an] unreasonable search under the Fourth Amendment.

*Point II*—The trial court's failure to let defendant cross-examine the State's expert witness concerning his bias and interest in the outcome of the case as an employee of the Somerset County Prosecutor's Office, which was seeking civil forfeiture of defendant's house, and had already seized $65,000 through an invalid consent order, constitutes error requiring the court to overturn the conviction.

*Point III*—The prosecutor's highly prejudicial remarks concerning facts not in evidence constitute error mandating reversal of defendant's conviction.

We affirm the order denying defendant's motion challenging the seizure of drugs pursuant to a search warrant substantially for the reasons expressed by Judge Imbriani in his opinion reported at 265 *N.J.Super.* 208, 625 *A.*2d 1162 (Law Div.1990). We agree with the judge that the officers' use of binoculars to observe defendant's rear-yard marijuana crop did not violate the privacy protections afforded by the Fourth Amendment. Under the facts presented, defendant had no reasonable expectation of privacy in his marijuana garden. *See California v. Ciraolo,* 476 *U.S.* 207, 213, 106 *S.Ct.* 1809, 1812, 90 *L.Ed.*2d 210, 216 (1986) (the Fourth Amendment "has never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares"); *Katz v. United States,* 389 *U.S.* 347, 351, 88 *S.Ct.* 507, 511, 19 *L.Ed.*2d 576, 582 (1967) ("What a person knowingly exposes to the public ... is not a subject of Fourth Amendment protection."); *see also United States v. Lace,* 669 *F.*2d 46, 49–51 (2d Cir.), *cert. denied,* 459 *U.S.* 854, 103 *S.Ct.* 121, 74 *L.Ed.*2d 106 (1982); *United States v. Allen,* 675 *F.*2d 1373, 1381–82 (9th Cir.1980), *cert. denied,* 454 *U.S.* 833, 102 *S.Ct.* 133, 70 *L.Ed.*2d 112 (1981); *State v. Lee,* 245 *N.J.Super.* 441, 450, 586 *A.*2d 256 (App.Div.1991). Moreover, the detectives used their binoculars to obtain only a closer look at what they could already see without resorting to the binoculars. *See* 1 Wayne R. LaFave, *Search and Seizure: A Treatise On The Fourth Amendment* § 2.2(c) at 339 (2d ed. 1987).

Defendant also challenges the search warrant based on the detectives' purported omissions of salient fact in their affidavit, and "misrepresentations" to the issuing judge. However, Judge Imbriani's finding in his oral opinion after the suppression hearing that the detectives were truthful and the omissions inadvertent is amply supported by the record. *State v. Johnson,* 42 *N.J.* 146, 161–64, 199 *A.*2d 809 (1964). Further, the judge specifically determined that an additional hearing was not required pursuant to *Franks v. Delaware,* 438 *U.S.* 154, 98 *S.Ct.* 2674, 57 *L.Ed.*2d 667 (1978). Implicitly, he concluded that defendant had failed to make a "substantial preliminary showing" that the detectives had willful-

ly lied or that their statements were made in reckless disregard for the truth. *Id.* at 170, 98 *S.Ct.* at 2684, 57 *L.Ed.*2d at 681.

We have carefully considered defendant's remaining contentions and are satisfied they are clearly without merit. *R.* 2:11–3(e)(2). *See Evid.R.* 4; *State v. Williams,* 113 *N.J.* 393, 447, 550 *A.*2d 1172 (1988); *State v. Ramseur,* 106 *N.J.* 123, 322–23, 524 *A.*2d 188 (1987); *State v. Engel,* 249 *N.J.Super.* 336, 375, 592 *A.*2d 572 (App.Div.), *certif. denied,* 130 *N.J.* 393, 614 *A.*2d 616 (1991); *State v. Kelly,* 207 *N.J.Super.* 114, 118, 504 *A.*2d 37 (App.Div.1986); *State v. Vaccaro,* 142 *N.J.Super.* 167, 177, 361 *A.*2d 47 (App.Div.), *certif. denied,* 71 *N.J.* 518, 366 *A.*2d 674 (1976).

Affirmed.