**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5229-17T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

ANISHA LEVETT,

     Defendant-Respondent,

and

JERMAINE JONES,

     Defendant.

_____

Submitted November 29, 2018 – Decided March 20, 2019

Before Judges O'Connor, Whipple and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-08-2166.

Mary Eva Colalillo, Camden County Prosecutor, attorney for appellant (Linda A. Shashoua, Assistant Prosecutor, of counsel and on the brief).

The Wolf Law Firm, attorneys for respondent (Robert C. Wolf, on the brief).

PER CURIAM

On leave granted, the State appeals from the April 20, 2018 Law Division order granting defendant Anisha Levett's[1] motion to suppress evidence obtained from the search of her cellphone. We affirm.

On May 2, 2017, defendant's friend, F.F.,[2] posted a photograph on social media of $2200 in cash spread out on her bed. That night, F.F. was at home with her five-month-old son and defendant. F.F. and defendant were lying on F.F.'s bed watching television when defendant went to the bathroom to make a telephone call. F.F. heard the door to her apartment open; when she went to check the door, she encountered two men with handguns dressed in dark clothing and wearing masks. F.F. recognized one of the men as "Maine," whom she had known for several months and dated. Later inspection of the door showed no signs of forced entry.

The men ordered F.F. and her son to the floor at gunpoint and demanded money. One intruder pointed a gun at defendant, who was facing a wall and did

---

[1] For the balance of the opinion, we refer to Anisha Levett as "defendant" unless otherwise noted.

[2] We use initials to protect the identity of the non-party victim.

not get a good look at the men.  F.F.'s wallet was on the ground, and the men took the $2200 in cash from the wallet, along with F.F.'s cellphone.  The men took nothing from defendant and fled.

Detective Swan and Patrol Officers Bryson and Parker responded to F.F.'s apartment.  F.F. told Swan she routinely locked the apartment door's three locks. Defendant explained to Swan that shortly before the men entered, she unlocked and put her purse by the front door because she was waiting for a ride.  Swan did not include defendant's statement in his police report.  He also observed F.F.'s wallet open, empty of cash, with cards spread out on the floor.

Bryson took defendant to the police station to continue questioning her. While still at the apartment, F.F. told Parker she believed defendant was involved.  Swan called Bryson and asked him to seize defendant's cellphone because it might contain evidence.  Defendant refused to consent to a search of her phone and requested counsel, but Bryson still seized it.  Defendant was released after she gave a statement.

On May 12, 2017, the police sought and were granted a communications data warrant (CDW) to search defendant's phone.  The supporting affidavit recounts that defendant made a phone call just prior to the robbery, though this

3

fact was only known to the police after the seizure of defendant's phone. A warrant was issued for defendant's arrest.

In August 2017, defendant was charged with first-degree armed robbery, N.J.S.A. 2C:15-1(a)(2); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(a)(2); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); second-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:18-2(a)(1); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1).

Defendant moved to suppress the evidence extracted from her phone. On January 19 and March 22, 2018, the motion judge heard testimony and subsequently granted defendant's motion to suppress the cellphone evidence because no probable cause existed to search it. On April 20, 2018, the judge denied the State's unopposed motion for reconsideration but made supplemental findings.

The judge found defendant's phone was searched based on mere "raw suspicion," not probable cause. Instead of conducting further investigation to determine defendant's role in the robbery, Swan ordered defendant's phone searched to confirm his hunch she was involved. However, the judge found the

only piece of information indicating defendant's involvement was F.F.'s statement, which conflicted with defendant's explanation. The judge said it "strained credulity" that Swan believed probable cause existed to search defendant's phone.

On April 23, 2018, the judge granted the State's motion to stay the court's order pending the outcome of the State's motion for leave to appeal. On July 18, 2018, we granted the State leave to appeal. The State argues the following:

> I. THIS COURT SHOULD REVERSE THE SUPPRESSION ORDER IN THIS CASE, AS THE MOTION JUDGE ERRED IN FAILING TO CONSIDER THE TOTALITY OF THE CIRCUMSTANCES AND IN HOLDING THE STATE TO A HIGHER BURDEN THAN PROBABILITY IN FINDING THAT THE SEIZURE OF DEFENDANT'S PHONE LACKED PROBABLE CAUSE.

When considering a trial court's ruling on a motion to suppress evidence, "[w]e conduct [our] review with substantial deference to the trial court's factual findings, which we 'must uphold . . . so long as those findings are supported by sufficient credible evidence in the record.'" State v. Hinton, 216 N.J. 211, 228 (2013) (quoting State v. Handy, 206 N.J. 39, 44 (2011)). "Those findings warrant particular deference when they are 'substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" State v. Rockford, 213 N.J. 424,

5

440 (2013) (alteration in original) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). We review de novo the trial court's determinations of law, State v. Mann, 203 N.J. 328, 337 (2010), as well as the application of legal principles to factual findings. State v. Harris, 181 N.J. 391, 415 (2004).

Pursuant to the Fourth Amendment to the United States Constitution and the New Jersey Constitution, Article I, Paragraph 7, "police officers must obtain a warrant . . . before searching a person's property, unless the search falls within one of the recognized exceptions to the warrant requirement." State v. DeLuca, 168 N.J. 626, 631 (2001) (quotation omitted). Among possible exceptions excusing the need for a warrant are searches incident to arrest and exigent circumstances. See, e.g., State v. Brown, 456 N.J. Super. 352, 364-65 (App. Div. 2018); State v. Sencion, 454 N.J. Super. 25, 32 (App. Div. 2018).

The State contends the trial judge erred by holding it to a higher standard than probable cause, arguing the judge found the officer credible and accepted all facts proffered by the State as true, yet discounted the officer's expertise and overvalued defendant's self-serving explanation for her actions. The State contends a reasonable detective with requisite expertise would have concluded there was probable cause to search defendant's phone based on F.F.'s statement and defendant's and the robbers' suspicious actions.

Probable cause, or an officer's "well-grounded suspicion that a crime has been or is being committed," State v. Nishina, 175 N.J. 502, 515 (2003), "requires nothing more than 'a practical, common-sense decision whether, given all [of] the circumstances, . . . there is a fair probability'" that a crime has been committed. State v. Johnson, 171 N.J. 192, 214 (2002) (quoting State v. Demeter, 124 N.J. 374, 380-81 (1991)). Probable cause is not determined by "rigid rules, bright-line tests, and mechanistic inquiries [but rather by] a more flexible, all-things-considered approach." Florida v. Harris, 568 U.S. 237, 244 (2013).

Defendant's phone was searched without a warrant, and under New Jersey law, the search was presumptively invalid unless it fell within a recognized exception to the warrant requirement. State v. Cooke, 163 N.J. 657, 664 (2000), overruled on other grounds by State v. Witt, 223 N.J. 409 (2015). The probable cause analysis is relevant only to the extent required by the applicable warrant exception. Here, the only applicable exception is search incident to arrest.

> When the police search an individual before placing him [or her] under arrest as part of a single uninterrupted transaction, it does not matter whether the arrest precedes the search. It is the right to arrest, rather than the actual arrest that must pre-exist the search. As long as the right to arrest pre-existed the search, and the arrest is valid independently of, and is not made to depend on, the search or its result, the

7

search will not be invalidated simply because [at that] precise point of time the arrest does not precede the search.

[State v. O'Neal, 190 N.J. 601, 614-15 (2007) (citations omitted) (quotations omitted).]

Here, the judge made specific, itemized findings setting forth the timeline up and until defendant's phone was searched. Although the judge found defendant made a phone call shortly before the robbery, that fact was learned by the police only after the decision was made to search defendant's cellphone. We discern no error in the judge's decision to exclude the fruits of the search from the probable cause calculus.

Thus, the right to arrest defendant arose only after her phone was searched. But even then, Swan admitted the police did not charge defendant when they searched her phone in order "to wait until [they] had concrete proof that there was definitive involvement by Ms. Levett in setting up the robbery." This was not a single uninterrupted transaction. Therefore, the search was properly suppressed.

We have carefully reviewed the State's remaining arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

Affirmed.

A-5229-17T1