**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0201-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MAURICE ROBINSON,

     Defendant-Appellant.

_____

> Submitted January 12, 2021 — Decided January 25, 2021
>
> Before Judges Mawla and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Accusation No. 14-09-0949 and Indictment No. 17-10-0746.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Morgan A. Birck, Assistant Deputy Public Defender, of counsel and on the briefs).
>
> Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After his motion to suppress the physical evidence seized following a motor vehicle stop was denied, defendant Maurice Robinson pled guilty to second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1), and violation of probation, N.J.S.A. 2C:45-3. Defendant was sentenced to a five-year custodial term subject to a forty-two-month period of parole ineligibility. We affirm the convictions and remand for correction of the sentence to reflect certain jail credits.

We take the following facts from the record of the motion to suppress. In August 2017, defendant rode in the front passenger seat of a vehicle operated by another individual. Linden patrol officer, Daniel Araque, stopped the vehicle for having heavily tinted front windows. Araque approached the vehicle on the passenger side where there was a curb and asked the driver for his license and registration. Defendant was smoking a Black & Mild cigar, which Araque asked him to extinguish. Araque smelled a "strong odor of marijuana coming from inside the vehicle" and observed defendant "shaking and breathing rapidly and deeply." Backup units arrived while Araque was conversing with the driver, so he asked the driver to step out and go to the rear of the vehicle because defendant kept talking over the driver as he was answering Araque's questions. As Araque conversed with the driver at the rear of the vehicle, defendant remained in the

car and spoke with another officer who informed Araque defendant was nervous, sweating, and shaking.

Araque returned to the vehicle and noticed "two Blunt Effect sprays, . . . some . . . loose cigar wrappings and Dutch guts" on the driver's side. Araque asked the driver "[w]hen's the last time you smoked weed in a car?" The driver responded "[i]t's been a minute" and gestured to another police officer, stating it was when that officer pulled him over. Araque searched the driver but found no marijuana. He sat the driver on the curb and "signaled for the officer talking with [defendant] to take him out of the car." As he began to search defendant for marijuana, Araque asked defendant if he had any weapons, defendant responded affirmatively. Araque "simultaneously fe[lt] the grip of a handgun on [defendant's] front waistband" and with the assistance of another officer grabbed control of defendant's hand, arrested him, and removed the gun. No marijuana was recovered from the vehicle or either occupant.

Following the presentation of Araque's testimony and the evidence, including bodycam footage, defendant argued police lacked a basis to order him out of the vehicle. He alleged the pat down and warrantless search of the gun was unconstitutional because he disputed there was a smell of marijuana

3

emanating from the vehicle, and even if there was such an odor, it did not provide probable cause to search and seize the gun.

On June 21, 2018, the motion judge issued a comprehensive written opinion denying defendant's motion. The judge found the vehicle stop lawful due to the front tinted windows constituting a motor vehicle infraction. N.J.S.A. 39:3-75.

The judge found Araque's testimony about the facts following the stop credible. The judge noted Araque, a five-year veteran of Linden Police Department,

> presented as comfortable, and familiar with the facts of the case and carefully but succinctly [testified]. . . . On occasion, . . . Araque candidly conceded he could not remember certain details of the stop, particularly whether he smelled raw or burnt marijuana. [He] told the [c]ourt he could not distinguish whether it was raw or burnt marijuana, but that he did remember smelling marijuana, which is something he told [d]efendant.

The judge stated: "Having risen to the level of an investigatory stop once . . . Araque smelled marijuana, . . . Araque lawfully ordered [d]efendant out of the vehicle and then frisked him. This is all the probable cause necessary for law enforcement to search [d]efendant." He further stated:

> In addition to smelling the odor of marijuana, . . . Araque also saw tobacco wrappings on the floor, a can of 'blunt effects' deodorizer, and observed [d]efendant

4

smoking a [B]lack [& M]il[d]. . . . Araque testified that the tobacco wrapping on the ground appeared to be the result of hollowing out a cigar to smoke marijuana, and that the blunt effect spray, and [B]lack [& M]il[d] are commonly used to the mask the odor of marijuana. These items, in conjunction with the odor of marijuana that . . . Araque actively smelled, led [him] to believe that a crime was recently, or in the process of being committed.

The judge found defendant's argument the search was invalid because Araque could not recall whether he smelled raw or burnt marijuana did not determine the outcome because "[t]he detection of either odor provides an officer with probable cause because both the possession and/or use of marijuana is illegal." The judge concluded the totality of the circumstances gave rise to probable cause to conduct the warrantless search of defendant's person.

Defendant raises the following points on appeal:

POINT I – THERE WAS NO PROBABLE CAUSE TO SEARCH THE DEFENDANT, VIOLATING THE DEFENDANT'S NEW JERSEY AND FEDERAL CONSTITUTIONAL RIGHTS AGAINST UNREASONABLE SEARCHES AND SEIZURES. THE GUN SHOULD BE SUPPRESSED.

A.   There was no probable cause to search [defendant].

B.   The smell of marijuana is no longer adequate to provide probable cause.

5

POINT II – THE JUDGMENT OF CONVICTION SHOULD BE AMENDED TO REFLECT THAT JAIL CREDITS APPLY TO THE SENTENCE ON DEFENDANT'S VIOLATION OF PROBATION.

"[A]n appellate court reviewing a motion to suppress must uphold factual findings underlying the trial court's decision so long as those findings are 'supported by sufficient credible evidence in the record.'" State v. Elders, 192 N.J. 224, 243 (2007) (citing State v. Locurto, 157 N.J. 463, 474 (1999)). Deference should be given "'to those findings of the trial judge which are substantially influenced by his [or her] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy.'" Id. at 244 (citing State v. Johnson, 42 N.J. 146, 161 (1964)). "A trial court's findings should be disturbed only if they are so clearly mistaken 'that the interests of justice demand intervention and correction.'" Ibid. (citing Johnson, 42 N.J. at 161).

The Fourth Amendment of the U.S. Constitution and Article I, Paragraph 7 of the N.J. Constitution protects against unreasonable governmental searches and seizures. U.S. Const. amend. IV; N.J. Const. art. I, ₱ 7. "A warrantless search is presumed invalid unless it falls within one of the recognized exceptions to the warrant requirement." State v. Gamble, 218 N.J. 412, 425 (2014) (citing State v. Cooke, 163 N.J. 657, 664 (2000)). To validate a warrantless search, the

State bears the burden of proving it "[falls] within one of the few well-delineated exceptions to the warrant requirement." State v. Johnson, 193 N.J. 528, 553 (2008) (quoting State v. Pinerio, 181 N.J. 13, 19-20 (2004)).

Vehicle searches are valid without a warrant "under the 'automobile exception' on the basis of probable cause." Gamble, 218 N.J. at 426 (citing State v. Pierce, 136 N.J. 184, 205 (1994)). Probable cause "requires nothing more than a 'practical, common-sense decision whether, given all the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" State v. Johnson, 171 N.J. 192, 214 (2002) (alteration in original) (quoting State v. Demeter, 124 N.J. 374, 380-81 (1991)). "[I]n determining the reasonableness of actions taken by [an officer] under the Fourth Amendment and the New Jersey Constitution, consideration must be given 'to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.'" Id. at 215 (citing Terry v. Ohio, 392 U.S. 1, 27 (1968)).

"'New Jersey courts have [long] recognized that the smell of marijuana itself constitutes probable cause "that a criminal offense ha[s] been committed and that additional contraband might be present."'" State v. Myers, 442 N.J. Super. 287, 295-96 (App. Div. 2015) (alterations in original) (quoting State v.

<u>Walker</u>, 213 N.J. 281, 290 (2013)).  It has been "'repeatedly recognized that . . . the smell of burning marijuana establishes probable cause that there is contraband in the immediate vicinity and that a criminal offense is being committed,' and that the detection of that smell satisfies the probable-cause requirement.'"  <u>Id.</u> at 296 (alterations in original) (quoting <u>Walker</u>, 213 N.J. at 287-88).  "'[A] strong odor is [not] required'; detection of the 'characteristic' 'smell of burnt marijuana, by a trained and experienced [police officer], emanating from the passenger compartment of a legally stopped motor vehicle, created probable cause to believe that a violation of law had been or was being committed.'"  <u>Id.</u> at 297 (second alteration in original) (quoting <u>State v. Judge</u>, 275 N.J. Super 194, 197 (App. Div. 1994)).  Therefore, the smell of burnt marijuana gives "probable cause to conduct a warrantless search of the persons in the immediate area from where the smell has emanated."  <u>State v. Vanderveer</u>, 285 N.J. Super. 475, 481 (App. Div. 1995).

We have no reason to second guess the motion judge's findings relating to the credibility of Araque's testimony that he smelled the odor of marijuana when he approached the passenger side of the vehicle where defendant sat.  This, in addition to Araque's observation of items evidencing marijuana use, provided

probable cause to search the driver. When that search did not yield marijuana, it was logical to search defendant.

As the motion judge noted, Araque's inability to recall whether the odor was of raw or burnt marijuana had no legal bearing on the probable cause issue. In Judge, 275 N.J. Super. at 201, we held:

> [A]n odor of unburned marijuana creates an inference that marijuana is physically present in the vehicle. An odor of burnt marijuana creates an inference that marijuana is not only physically present in the vehicle, but that some of it has been smoked recently. . . . To be sure, possession and/or use of marijuana in this State . . . is illegal.

For these reasons, there was probable cause for the warrantless search of defendant's person and the judge properly declined to suppress the evidence of the unlawful weapon.

Finally, defendant asserts "[t]rial counsel asked the court to ensure [defendant] received [sixty-four] days of jail credit on his plea to a violation of probation" yet, "the filed Judgment of Conviction [JOC] . . . only grant[ed him] 394 days of credit, and does not include all of the additional [sixty-four] days." Defendant explains

> the amount reflects [twenty-six] days [defendant] was incarcerated in 2014 after the initial arrest on the accusation plus 368 days he was incarcerated in 2017 and 2018 after his most recent arrest. . . . The [JOC] is

> still missing credits for [thirty-eight] additional days [defendant] spent in jail from September 23, 2015 to October 30, 2015, on a previous violation of probation.

Defendant asserts the JOC "should be amended to include this [thirty-eight]-day time period[.]"

The State concedes this point. Moreover, during defendant's sentencing hearing, the judge accepted defendant's request for an additional sixty-four days of jail credit. However, the JOC does not reflect the credit. Therefore, we remand for the matter for correction of the JOC to reflect jail credit totaling 432 days. R. 3:21-8(a).

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0201-18T2