**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3682-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BILLY FLAGG, a/k/a
BILLY FLAGG, JR., and
BILLIE FLAGG,

    Defendant-Appellant.

_____

Submitted December 4, 2023 – Decided December 20, 2023

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 21-07-0661.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Cody A. Dooley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Billy Flagg appeals from the trial court's March 22, 2022 order denying his motion to suppress. We affirm.

I.

Defendant sought to suppress physical evidence—a gun—seized without a warrant during a search of his automobile. The State called a single witness at the suppression hearing, Trooper Christopher Wegfahrt of the New Jersey State Police. Trooper Wegfahrt testified he was patrolling State Highway 77 in Upper Deerfield Township on May 15, 2021, when he spotted a gray Ford Mustang he suspected of speeding. By maintaining a steady pace behind the vehicle, Trooper Wegfahrt determined it was travelling sixty miles per hour in a fifty mile per hour zone. He activated his lights and the vehicle pulled to the side of the road.

Trooper Wegfahrt approached the driver and requested identification. The driver lacked identification but provided his name—Billy Flagg—and his social security number. Trooper Wegfahrt was able to verify defendant's identity with that information. He determined defendant had an outstanding warrant for failing to appear in court. Based on that warrant, defendant was arrested. A search of defendant's person incident to arrest uncovered twenty-eight wax folds

containing suspected controlled dangerous substances ("CDS") and approximately $2,654 in cash.

Trooper Wegfahrt further testified he "detected the odor of alcohol coming off of [defendant's] breath. At the same time, his movements were slow and his speech was continually slow and slurred." He observed defendant's eyes were "bloodshot and droopy." Trooper Wegfahrt locked defendant in the back of his police car while he and another trooper searched defendant's car "for the source of intoxicants for driving while intoxicated." A handgun was subsequently found in the center console of the vehicle.

On cross-examination, Trooper Wegfahrt acknowledged he did not detect the odor of alcohol upon approaching the car when defendant lowered the window to speak with him. Defendant also denied he had consumed alcohol. A subsequent breath test showed defendant had a .03% blood alcohol content. The State ultimately dismissed the driving under the influence ("DUI") charge, citing a lack of proof. Moreover, Trooper Wegfahrt acknowledged the videos shown during cross-examination from his body camera and the patrol car did not reveal defendant slurring his speech, nor "staggering" or "swaying," as he claimed he had observed. Trooper Wegfarht did not ask defendant to perform a field

3

sobriety test at the scene. Defendant had already been arrested and handcuffed at the time due to the outstanding warrant.

A grand jury indicted defendant on the following charges: second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count one); second-degree possession of a weapon while committing a CDS offense, N.J.S.A. 2C:35-5(b)(3) (count two); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(3) (count three); third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count four); fourth-degree possession of hollow point bullets, N.J.S.A. 2C:35-10(a)(1) (count five); and second-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7(b)(1) (count six). In addition, defendant was charged in a separate count with fourth-degree certain persons not to possess ammunition, N.J.S.A. 2C:39-7(a).

In February and March 2022, the trial court conducted an evidentiary hearing on defendant's motion to suppress. As discussed more fully below, the court rendered a detailed oral opinion denying the motion and entered an order on March 21, 2022. Thereafter, defendant entered a guilty plea to second-degree unlawful possession of a handgun and fourth-degree certain persons not to possess ammunition. In exchange, the State agreed to recommend a six-year prison sentence with three and one-half years of parole ineligibility on the

unlawful possession charge and a concurrent eighteen-month prison sentence on the certain persons charge.[1]  In June 2022, defendant was sentenced in accordance with the plea agreement.

II.

On appeal, defendant raises the following issue:

> THE HANDGUN FOUND IN THE CENTER CONSOLE OF DEFENDANT'S CAR SHOULD BE SUPPRESSED BECAUSE IT WAS FOUND PURSUANT TO A WARRANTLESS SEARCH DEVOID OF PROBABLE CAUSE.

Defendant argues the only basis for searching defendant's vehicle was Trooper Wegfahrt's belief he had probable cause to search for the source of defendant's intoxication.  Because Trooper Wegfahrt only had a "mere hunch" that defendant was intoxicated, defendant contends the search was unlawful because it was not supported by probable cause, and the handgun discovered pursuant to the unlawful search should be suppressed.  Defendant asserts Trooper Wegfahrt did not ask defendant to perform a field sobriety test because the search for intoxicants "appears to be an after-the-fact justification to validate the warrantless vehicle search."  Defendant argues there was no well-grounded

---

[1] Two unrelated violations of probation were also resolved for lesser concurrent sentences.

A-3682-21

suspicion to believe that alcohol or drugs were consumed in the vehicle, therefore Trooper Wegfahrt lacked probable cause to search for intoxicants, the search was unlawful, and the handgun should be suppressed.[2]

The State counters that because Trooper Wegfahrt had probable cause arising out of unforeseeable and spontaneous circumstances, the automobile exception to the warrant requirement applies. Under the State v. Witt standard, the State argues, the automobile exception authorizes a warrantless search of an automobile when police have probable cause to believe a vehicle contains contraband or evidence of an offense and the circumstances giving rise to that probable cause are "unforeseeable and spontaneous." 223 N.J. 409, 448-50 (2015). The State contends the probable cause which gave rise to the search of defendant's vehicle was unforeseeable and spontaneous because: (1) defendant was initially pulled over for a speeding infraction; (2) defendant gave his name without any credentials and Trooper Wegfahrt only then learned about the active warrant; (3) defendant was subsequently arrested and searched incident to arrest, revealing wax folds of suspected CDS and $2,654 in cash; and (4) Trooper

---

[2] Defendant does not challenge the initial stop of his motor vehicle, his arrest based on the outstanding warrant, or the search incident to the arrest that uncovered the twenty-eight wax folds containing suspected CDS and approximately $2,654 in cash.

A-3682-21

Wegfahrt testified he smelled alcohol on defendant's breath, his speech was "slow and slurred," and his eyes were "bloodshot." Based on the totality of the circumstances, the State argues these observations gave rise to probable cause for DUI and arose out of unforeseeable and spontaneous circumstances.[3]

Our circumscribed review of a trial court's decision on a suppression motion is well-established. We defer to the court's factual and credibility findings provided they are supported by sufficient credible evidence in the record. State v. Dunbar, 229 N.J. 521, 538 (2017). Our deference includes the trial court's findings based on video recording or documentary evidence. See State v. S.S., 229 N.J. 360, 374-81 (2017) (clarifying the deferential and limited scope of appellate review of factual findings based on video evidence); see also State v. McNeil-Thomas, 238 N.J. 256, 271-72 (2019). Deference is afforded because the court's findings "are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." State v. Locurto, 157 N.J. 463, 474 (1999). We disregard a trial court's findings only if they "are clearly

---

[3] The State separately argues the search of defendant's vehicle was based on a valid warrantless search founded on probable cause for drug distribution. Because we determine the search at issue was justified based on the other reasons proffered by the State, we need not address this contention.

mistaken." State v. Hubbard, 222 N.J. 249, 262 (2015). Legal conclusions are reviewed de novo. Dunbar, 229 N.J. at 538.

Both the United States and New Jersey Constitutions protect individuals against unreasonable searches and seizures, which must be based upon probable cause. U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7. Warrantless searches are presumptively unreasonable, and thus invalid, unless the State proves by a preponderance of the evidence that the search "falls within one of the few well-delineated exceptions to the warrant requirement." State v. Elders, 192 N.J. 224, 246 (2007) (quoting State v. Pineiro, 181 N.J. 13, 19-20 (2004)). The automobile exception is a well-recognized exception to the warrant requirement. State v. Wilson, 178 N.J. 7, 12-13 (2003).

In Witt, our Supreme Court established that warrantless roadside automobile searches are permissible when they are "based on probable cause arising from unforeseeable and spontaneous circumstances . . . ." 223 N.J. at 450. Following the "bright-line rule" announced in Witt, we have held "the current law of this State now authorizes warrantless on-the-scene searches of motor vehicles in situations where: (1) the police have probable cause to believe the vehicle contains evidence of a criminal offense; and (2) the circumstances

8

giving rise to probable cause are unforeseeable and spontaneous." State v. Rodriguez, 459 N.J. Super. 13, 22 (App. Div. 2019) (footnote omitted).

"Probable cause exists if at the time of the police action there is 'a "well grounded" suspicion that a crime has been or is being committed.'" State v. Sullivan, 169 N.J. 204, 211 (2001) (quoting State v. Waltz, 61 N.J. 83, 87 (1972)). A court must consider whether the totality of the facts presented to the arresting officer would support "a [person] of reasonable caution in the belief that an offense has been or is being committed." State v. Sims, 75 N.J. 337, 354 (1978) (quoting Draper v. United States, 358 U.S. 307, 313 (1959)). "Probable cause requires 'a practical, common-sense decision whether, given all the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" State v. Demeter, 124 N.J. 374, 380-81 (1991) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). An officer's actions must be considered in conjunction with "the specific reasonable inferences which [they are] entitled to draw from the facts in light of [their] experience." Terry v. Ohio, 392 U.S. 1, 27 (1968).

Here, the trial court found defendant's vehicle was lawfully stopped based on Trooper Wegfahrt's observation of a speeding violation. Defendant was

9

thereafter arrested on a valid warrant, and a search incident to that arrest uncovered wax folds containing CDS and $2,654 in cash on defendant.

The court then turned to the circumstances leading to the search of the vehicle which uncovered the firearm. Initially, we observe the court determined Trooper Wegfahrt testified in a credible manner. It stated he provided "accurate information" and appeared credible in describing "what he saw and what he did." The court discussed the trooper's observations including the smell of alcohol, coupled with slow and slurred speech, and that defendant appeared off-balance. It recognized, despite the alleged inconsistencies between Trooper Wegfahrt's testimony and the video, "there [are] things that are taking place in the video; [and] there [are] things taking place off the video."[4]

Relying on Witt, the court further found Trooper Wegfahrt had probable cause to conduct an automobile search of defendant's car for "intoxicants" based the trooper noting "indicia of intoxication," and the handgun was found in the center console during a proper search. The court noted the troopers' actions

---

[4] The court did not find anything "glaringly contradictory" between the video and testimony. In short, the court reiterated Trooper Wegfahrt was credible, and he acknowledged when he did not know something.

"were clearly objectively reasonable," and the circumstances giving rise to the probable cause under Witt were "unforeseeable and spontaneous."

The court noted the question of whether defendant was intoxicated was not just based on alcohol, but also possible intoxication based on drug use.[5] It explained:

> [Defendant] was searched incident to arrest and properly so . . . because he was being taken into custody by the police for this warrant. And with regard to that, the incident to arrest search of [defendant] revealed the purported or suspected CDS and the cash . . . in his pants' pocket. Now, at that point in considering the totality of the circumstances, the [t]rooper has a vehicle that he stopped for speeding; he has someone that doesn't have a driver's license or at least didn't present one. . . . But what was provided about the license was . . . an active warrant that the [t]rooper validly arrested [defendant] on . . . . He found over [twenty] bags of suspected CDS and a large quantity of cash in his pocket[.]
>
> The issue of being under the influence with regard to whether it's alcohol or whether it's another intoxicant or not, it's been argued here that there's no basis to believe that perhaps he was under the influence of alcohol but being under the influence of alcohol or not is not the end question here.

_____

[5] The court also noted that it was not reasonable to conduct a field sobriety test at the scene as defendant was already handcuffed and under arrest. Additionally, the court observed they were on the side of a highway with a fifty-mile-per-hour speed limit.

First off, there's another arrest . . . for a different basis. Secondly, there's other items here which are illegal if they are what they purport to be at the time the police conduct the search and find them. And with regard to that, those items as well, whether they contribute to the issue of being under the influence or not, it's a valid concern. Someone's driving. The observations of what the officer noted about the personal appearance of [defendant] and the presence of these items which are narcotics if they are what they purport to be at the time of this stop, clearly would give someone pause about what the condition of the person is who is driving the vehicle.

The court further noted the search for intoxicants—whether "alcohol, CDS, or a combination of the two"—was appropriate under Witt, and the scope of the search was reasonable under the totality of the circumstances.

We affirm substantially for the reasons set forth by the trial court. We conclude the court's factual and credibility findings are supported by sufficient credible evidence in the record and, as such, those findings are entitled to our deference. Moreover, having conducted a de novo review of the court's conclusions of law, we reject defendant's contentions that the troopers lacked probable cause to search his car. The probable cause clearly arose from unforeseeable and spontaneous circumstances. Defendant's vehicle was properly stopped, and he was appropriately arrested, leading to Trooper Wegfahrt noticing an odor of alcohol and the subsequent discovery of suspected

12

CDS. Neither the smell of alcohol nor the discovery of the suspected CDS would be foreseeable in the context of a motor vehicle stop for speeding, and it was objectively reasonable that the subsequent search would reveal evidence of a crime. We discern no basis to disturb the court's conclusions.

To the extent we have not addressed any remaining contentions, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3682-21